A92A1504. FEISE et al. v. CHEROKEE COUNTY et al.
(434 SE2d 551)

BIRDSONG, Presiding Judge.

In *Feise v. Cherokee County*, 207 Ga. App. 17 (427 SE2d 294), we reversed a grant of summary judgment to the county finding issues of fact whether there was a failure of a duty on law enforcement officers

towards appellants, based on reasonable knowledge and foreseeability that appellees would be stalked by Scott Kramer according to his immediate threat to "carve up" Feise and her daughter, which was reported to the police. Scott Kramer did slash Mrs. Feise with a knife in the front yard of her home, on the day after his threats.

On certiorari, the Supreme Court remanded Cherokee County's appeal for reconsideration in light of *City of Rome v. Jordan*, 263 Ga. 26 (426 SE2d 861). In that case the Supreme Court held that law enforcement officials have no duty to protect a citizen unless there is a "special relationship" which sets the individual apart from the general public and engenders a "special duty" owed to that individual. The standards to determine this question were established by that court's adoption of these requirements: "(1) an explicit assurance by the municipality, through promises or actions, that it would act on behalf of the injured party; (2) knowledge on the part of the municipality that inaction could lead to harm; and, (3) justifiable and detrimental reliance by the injured party on the municipality's affirmative undertaking." Id. at 29.

There is evidence which satisfies the requirement of standard (2), knowledge on the part of law enforcement officials that inaction could lead to harm to appellees. But because of the officials' inaction, standard (1), an explicit assurance by the law enforcement agency, "through promises or actions," that it would act on behalf of appellees, and standard (3), justifiable and detrimental reliance by the injured parties on the agency's affirmative undertaking, cannot be satisfied. That is, the evidence shows that despite specific knowledge that inaction probably would lead to harm, the law enforcement officials in this case did nothing. Therefore, under the Supreme Court's decision in *City of Rome v. Jordan*, we must affirm the trial court's grant of summary judgment to Cherokee County.

*Judgment affirmed. McMurray, P. J., Beasley, P. J., Cooper, Blackburn and Smith, JJ., concur. Andrews, J., concurs specially. Johnson, J., not participating. Pope, C. J., disqualified.*

ANDREWS, Judge, concurring specially.

I concur in the majority's holding affirming the trial court's grant of summary judgment to the defendants. In *City of Rome v. Jordan*, 263 Ga. 26 (426 SE2d 861) (1993), the Supreme Court held that in a cause of action alleging a police department's negligent failure to protect a victim from criminal assault by a third party, the police have a legal duty to protect the victim only "where there is a *special relationship* between the [victim] and the [police] which sets the [victim] apart from the general public and engenders a *special duty* owed to [the victim]." I agree that under this standard, the defendants were in no special relationship with Mrs. Feise, therefore the defendants

had no special duty to protect her from Kramer's attack.

This case was remanded to this court by the Supreme Court for reconsideration in light of the Supreme Court's decision in *City of Rome*, supra, in which the Supreme Court adopted three requirements for a special relationship: "(1) an explicit assurance by the [police department], through promises or actions, that it would act on behalf of the injured party; (2) knowledge on the part of the [police department] that inaction could lead to harm; and, (3) justifiable and detrimental reliance by the injured party on the [police department's] affirmative undertaking." Although I concur in the holding, I cannot agree with the majority's rigid application of these requirements to the facts at hand.[1]

Mrs. Feise feared the anonymous threatening phone calls to her and her neighbors were made by Kramer, but she had no proof. She contacted the police with her suspicions, and indicated that the calls sounded as if they had been made from a pay phone. The police checked local public phones, but were unable to find the caller. The police were unable to detain or arrest Kramer because they had no proof he made the threats. Under requirement (1), the police took reasonable actions to investigate the threatening phone calls based on the information given them by Mrs. Feise. There was no explicit assurance to act on her behalf to protect her against Kramer because there was no evidence he made the threats. As to requirement (2), at best, the defendants knew there was a threat of harm, but they did not know who made the threats. Accordingly, there was no specific action they reasonably failed to take. In light of the facts pertaining to (1) and (2), there could have been no justifiable and detrimental reliance by Mrs. Feise on the defendants' affirmative undertaking.

DECIDED JULY 13, 1993 —
RECONSIDERATION DENIED JULY 29, 1993 — 

*Gerard J. Lupa*, for appellants.
*Drew, Eckl & Farnham, William T. Mitchell, Theodore Freeman*, for appellees.

---

[1] For a complete recitation of the facts, see *Feise v. Cherokee County*, 207 Ga. App. 17 (427 SE2d 294) (1992).